## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**FRANCISCO RAMON DE LA CRUZ, JR.,**

                    **Plaintiff,**

**v.**                                        **Case No:   6:19-cv-1068-Orl-37LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Francisco Ramon De La Cruz, Jr. ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments.  Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.  Doc. No. 14, at 9, 21, 25.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.  *Id.* at 25.  It is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner.

## I.    PROCEDURAL HISTORY.

On May 1, 2015, Claimant filed applications for DIB and SSI benefits, alleging that he became disabled on February 28, 2009.  R. 176, 295–305.  His claims were denied initially and on reconsideration, and he requested a hearing before an ALJ.  R. 201–211, 215–24, 225–26.  A

hearing was held before the ALJ on October 19, 2017, at which Claimant appeared *pro se*.   R. 129–

50.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not

disabled.   R. 16–30.   Claimant sought review of the ALJ's decision by the Appeals Council.   R.

294.   On April 24, 2019, the Appeals Council denied the request for review.   R. 1–6.   Claimant

now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

## II.    FACTUAL BACKGROUND.[1]

A.    Hearing Before the ALJ.

On October 17, 2019, two days prior to the hearing before the ALJ, Claimant executed a

form titled, "Waiver of Right to Legal Representation."   R. 290.   On October 19, 2019, at the

hearing, Claimant appeared without counsel or other representation.   R. 129–50.   At the beginning

of the hearing, the ALJ confirmed that Claimant knew that he had a right to representation, and

Claimant again stated that he wished to proceed without a representative.   R. 131.

At the time of the hearing, Claimant was 53 years old.   R. 133.   Claimant testified that his

disability is primarily related to his back disorder.   R. 135.   When asked what daily activities he

was capable of performing, Claimant responded, "[v]ery little."   *Id.*   He testified that he can only

stand for approximately 15 minutes at a time before having to sit or lie down.   *Id.*   He also cannot

sit for long because his back "locks up and it's hard to get up and start walking again."   R. 136.

Claimant goes to physical therapy and performs exercises to strengthen his core and other muscles

to help support his back.   R. 136.   Claimant also underwent nerve ablation in January 2017, which

_____

[1] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 14.   Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference and only restate them herein as relevant to considering the issues raised by Claimant.

"took some pain off some area," but also caused "like a swelling in the back of [Claimant's] hamstring, and in front and back of [his] knee." *Id.* Lying down relieves a lot of his pain, and he also takes narcotic pain medication. R. 137. He can lift approximately 10 pounds. *Id.* He has problems with his left hand because it lacks strength and he is unable to make a fist. R. 143. Claimant testified that he is right-handed, and that he uses a cane, which he holds in his right hand. *Id.*

During the testimony of the VE, the ALJ asked the VE to assume a hypothetical individual with three years of college education, with the same or similar work background (electronics technician for a phone company) as Claimant, who was only capable of performing light exertional level work. R. 146. Such hypothetical individual would be further limited to only occasional climbing, no exposure to hazards, would need simple, routine tasks, with only occasional exposure to the general public. *Id.* With these limitations, the VE testified that the hypothetical individual could perform work as a routing clerk; collator operator; or labeler. *Id.* With additional limitations of being able to change positions every hour; doing the job from either a seated or standing position; using a cane to ambulate; and limiting use of non-dominant hand to frequent handling, the VE testified that the same jobs would still be available. R. 147.

The ALJ asked the VE several follow up questions. R. 147–49. The ALJ then addressed Claimant:

> [ALJ]: Mr. De La Cruz, as I said, I asked [the VE] some questions based on your past work, about the things that you identified, specifically including you're taking breaks, and limited concentration, and limited lifting and standing and sitting.
>
> Do you have anything that you would like to add before we let you go today?
>
> [Claimant]: Well, yeah, just the bending and twisting, well, reaching, that too, I forgot to mention that. But I don't know if I can add it now but - -
>
> [ALJ]: No, absolutely. This is your hearing. Right. And I think that with you

provided your testimony on the limitations that you have during the day, that that was inherent in that you said you could do those types of things.   Typically someone with the back injury, that is attendant with your limitations for lifting and standing.

[Claimant]:   Okay.

[ALJ]:   Okay.   Well, I really appreciate your time.   I think that personal testimony is really the best way for me to navigate all these medical records.   So thank you for coming down today.

R. 149–50.   The hearing thereafter concluded.   R. 150.

     B.    <u>The ALJ's Decision</u>.

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   R. 16–30.[2]   The ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2014.   R. 18.   The ALJ found that Claimant engaged in substantial gainful activity from 2015 through 2016.   *Id.*   However, the ALJ found that there had been continuous twelve-month period(s) during which Claimant did not engage in substantial gainful activity, which periods the ALJ addressed in the remainder of the decision.   R. 19.    The ALJ found that Claimant suffered from the following severe impairments: disorders of the spine and affective disorder.   *Id.*   The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   *Id.*

---

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.   *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[3] with the following limitations:

> [T]he ability to alternate between sitting and standing every hour at the duty station, performing job duties from either a seated or standing position.   The claimant requires the ability to use a cane to ambulate to and from the duty station.   His non-dominant left hand is limited to only frequent handling and he is limited to occasional climbing with no exposure to hazards; the claimant is further limited to simple routine tasks with only occasional exposure to the general public.

R. 21.   The ALJ concluded that Claimant was unable to perform any past relevant work, which included work as an electronics technician.   R. 28.   However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were other jobs existing in significant numbers in the national economy that Claimant could perform, including routing clerk; collator/operator; and labeler.   R. 29.   Accordingly, the ALJ concluded that Claimant was not disabled.   R. 29–30.

## III.    STANDARD OF REVIEW.

Because Claimant has exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact

---

[3] The social security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b).

are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

In the joint memorandum, which I have reviewed, Claimant raises two assignments of error: (1) the ALJ applied the incorrect legal standards to Claimant's testimony regarding his pain and limitations; (2) the ALJ violated Claimant's due process rights by failing to inform him of his right to cross-examine the VE.   Doc. No. 14, at 9, 21.   I will address these contentions in turn.

### A.   Claimant's Subjective Complaints of Pain.

A claimant may establish disability through his own testimony of pain or other subjective symptoms.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62.  The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence.  *Id*. at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1).  In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.  *Id*. § 404.1529(c)(1)–(3).  Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain.  *Id*. § 404.1529(c)(3)(i)–(vii).

Here, the ALJ wrote as follows regarding Claimant's subjective complaints of pain:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

The undersigned has carefully reviewed the claimant's subjective complaints and taken into consideration the controlling case law in the Eleventh Circuit regarding the standard used to assess subjective complaints of pain and other symptoms. . . .

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the evidence does not support the alleged loss of functioning. . . .

R. 22.   The ALJ thereafter reviewed Claimant's medical records.   R. 22–25.   The ALJ then stated, in pertinent part,

> In terms of his physical complaints, the [ALJ] finds the claimant's allegations of disabling pain and limitations are not supported by the medical evidence.   In September 2016, it was noted that the claimant showed some symptom magnification on examination and he was diagnosed with moderate symptom magnification (Exhibit 14F).   The evidence indicates that although the claimant has a history of back pain complaints requiring surgical intervention, he can move about and perform gainful work activity on a sustained basis.   When seen for a follow-up appointment, the claimant noted significant resolution of his pain status post the first surgical procedure.[4]   He reported recurrence of pain and had additional surgery (Exhibit 31F).   Since that surgery, there is no indication that he will require additional surgery.   At the hearing, the claimant reported he was attending physical therapy . . . .
>
> None of the claimant's treating physicians enumerated permanent physical work-related limitations.   The [ALJ] further notes that the claimant has not required extended inpatient hospitalization for a physical problem.   There is no indication that the claimant has any medication side effects that would affect his ability to work.   While the claimant uses a cane, the record does not establish that a hand-held assistive device is medically required pursuant to SSR 96-9P. . . . The undersigned has given the claimant the benefit of doubt and finds that he needs a cane to ambulate to and from the duty station. . . . .

R. 25.   Thus, it appears that the ALJ discounted Claimant's subjective complaints of pain as it relates to Claimant's physical limitations for the following reasons: (1) Claimant engaged in symptom magnification; (2) even though Claimant required surgical intervention for his back, he was able to perform gainful work activity on a sustained basis; (3) he had significant resolution of his pain after his first surgery; (4) he had reoccurrence of pain and a second surgery, after which the record reflects no indication that he requires additional surgery; (5) no treating physician had specified work-related limitations; (6) Claimant has not required extended inpatient hospitalization

---

[4] Claimant's first surgical procedure took place in January 2017.   R. 688 (Ex. 31F, at 45).

for his physical ailments; and (7) there was no indication that medication side effects would affect Claimant's ability to work.  *Id.*

Claimant argues that the ALJ "materially misstated the record" in rejecting his testimony regarding his pain and limitations.  Doc. No. 14, at 10.  Specifically, Claimant takes issue with the following statement from the ALJ:

> When seen for a follow-up appointment, the claimant noted significant resolution of his pain status post the first surgical procedure. He reported recurrence of pain and had additional surgery (Exhibit 31F).  Since that surgery, there is no indication of significant ongoing complaints requiring medical intervention and there is no indication that he will require additional surgery.

*Id.* (emphasis added).  Claimant argues that, contrary to the ALJ's statements, Claimant had not undergone another surgery since he reported a recurrence of pain after his January 2017 procedure. *Id.* at 11.  Claimant also argues that contrary to the ALJ's statements, Claimant testified that he "still [had] a few operations pending, more medical, physical therapy lined up," *see* R. 140, which is contrary to the ALJ's statement that there was "no indication that [Claimant] will require additional surgery."  *Id.* at 12.

The Commissioner does not directly address Claimant's contention that the ALJ misstated the record.  *Id.* at 12–20.  Instead, the Commissioner focuses on the other reasons cited by the ALJ for discrediting Claimant's subjective complaints, and argues that substantial evidence supports the ALJ's determination.  *Id.*

On review, I recommend that the Court find that Claimant has failed to establish reversible error.  As to Claimant's first point, the record as to whether Claimant underwent a second surgery is ambiguous.  In particular, Claimant argues that after his first surgery, it was recommended that he undergo additional surgery (*see* R. 693–94), but "there is no indication in the record that this surgery ever took place."  Doc. No. 14, at 10.  However, Exhibit 31F, cited by the ALJ, includes

a document titled, "Surgical Procedure," dated July 13, 2017.   R. 650 (Ex. 31F, at 7).   It states "Re-exploration L3/L4 Left Laminectomy (Partial), Facetectomy (Partial, Foraminotomy, Possible Discectomy; and L4/L5 Left Laminectomy (Partial), Facetectomy (Partial, Foraminotomy, Possible Discectomy" and includes post-op orders.   *Id.*   However, the record also reflects that Claimant was prescribed physical therapy and underwent an MRI on the same day.   R. 651, 661.

Even assuming that Claimant did not undergo a second surgery, Claimant fails to articulate how the ALJ's statement that he did undergo a second surgery undermines the ALJ's conclusion regarding Claimant's RFC and the credibility determination.   The Eleventh Circuit has found that an ALJ's misstatement of fact is harmless if it does not affect the ALJ's conclusion.   *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).   Accordingly, I find the ALJ's reference to "additional surgery" was, at most, harmless error.   *See also Majkut v. Comm' r of Soc. Sec.*, 394 F. App'x 660, 665 (11th Cir. 2010) (a misstatement of fact "may constitute harmless error if the ALJ applies the proper legal standard");[5] *Washington v. Astrue*, No. 8:08-cv-1614-T-27GJK, 2009 WL 2949034, at *14 (M.D. Fla. Sept. 14, 2009) (noting that a "single erroneous statement by an ALJ standing alone does not require remand").

As to Claimant's second point that the ALJ misstated the record by stating that there was "no indication that [Claimant] will require additional surgery," this argument presents a closer call. Claimant points to his testimony at the hearing.   The ALJ asked Claimant whether he saw himself "getting back into the workforce," and Claimant responded in the negative:

> At my age now, I think - - you know, I still got a few operations pending, more medical, physical therapy lined up.   So I mean I would hope to.   I don't, you know, want to rely on Social Security but with the symptom and what I have now, I don't - - I really don't.

---

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36-2.

R. 140.   Claimant points to nothing else in the record to support his apparent contention that he requires further surgery.   *See* Doc. No. 14, at 12.

Upon review, I recommend that the Court find that the ALJ's statement that there was "no indication that [Claimant] will require additional surgery" does not constitute reversible error. First, Claimant points to nothing in the record, besides his bare statement from the hearing regarding "a few operations pending," to support his suggestion that he will require future surgery.

Second, even assuming the ALJ's statement was error based on Claimant's hearing testimony, I find the error harmless on the facts of this case.   *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 860 (11th Cir. 2012) (applying harmless error doctrine to ALJ's credibility determination in Social Security case).   Specifically, the ALJ gave several independent reasons for finding Claimant's subjective complaints less than credible.   Claimant argues only that the ALJ misstated the record regarding the need for future surgery.   Claimant does not challenge the remainder of the reasons cited by the ALJ (symptom magnification; gainful activity; significant resolution of pain; no documented work limitations by treating physician; no extended inpatient hospitalization; no medication side effects affecting ability to work), all of which I find are supported by substantial evidence.[6]   *See Wilson*, 500 F. App'x at 859–60 (finding that even if the

---

[6] Claimant's failure to challenge the remaining reasons cited by the ALJ as it relates to the credibility determination further results in a waiver of any argument that the remaining reasons relied on by the ALJ are not supported by substantial evidence.   *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).

I note that in the joint memorandum, Claimant states that "The ALJ first relied on a notation from September 2016 that there was some symptom magnification," and then states that "[h]is symptoms had to have been bad enough in order for surgery to be performed on him."   Doc. No. 14, at 10.   To the extent that these statements can be read to challenge the ALJ's reliance on symptom magnification to discredit Claimant's subjective complaints, I find any such argument unpersuasive.   First, Claimant's argument is entirely conclusory.   Second, Claimant was diagnosed with "[m]oderate symptom magnification and pain accentuation."   *See* R. 529 (Exhibit 14F).   This is proper consideration by the ALJ as it relates to Claimant's credibility.   *See, e.g., King v. Astrue*, No. 3:09-cv-229-J-MCR, 2010 WL 1038476, at *12 (M.D. Fla. Mar. 19, 2010) ("Symptom exaggeration or malingering are valid reasons to discredit a claimant's subjective complaints." (citing *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1213 (M.D. Ala. 2002))).   Claimant presents

ALJ erred in relying on the claimant's failure to apply for worker's compensation in reaching credibility determination, the remainder of the reasons cited by the ALJ were sufficient to support adverse credibility determination, and thus, any error was harmless); *see also Wright v. Colvin*, No. CV 313-079, 2014 WL 5591058, at *7 (S.D. Ga. Nov. 3, 2014) (finding misstatement of record resulted in harmless error as to credibility determination because the ALJ otherwise had a sufficient basis to support an adverse credibility determination); *Harris v. Astrue*, No. 308-cv-726-J-32MCR, 2009 WL 2242618, at *13 (M.D. Fla. July 27, 2009) (affirming, finding that "while the ALJ's misrepresentation of the record weighs against holding that the ALJ's credibility finding is supported by substantial evidence . . . the ALJ's additional reasons are legally sound and are supported by substantial evidence"). *But see Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 767 (11th Cir. 2014) (finding reversible error based on an ALJ's partially erroneous credibility rationale, but not discussing whether the error was harmless, and additionally reversing on other grounds).

For these reasons, I recommend that the Court reject Claimant's first assignment of error.

B.     Cross-Examination of the VE.

"[T]he claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted). Nonetheless, the ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). The basic duty to develop the record rises to a "special duty" where the claimant is not represented during the administrative proceedings. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). However, "that special duty 'does not take effect' when, as in this case, counsel was waived." *Turpin v. Colvin*, No. 8:14-cv-1721-T-TGW, 2015

---

no authority or evidence to the contrary.

WL 12859354, at *2 (M.D. Fla. Sept. 3, 2015) (citing *Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007)).

Claimant argues that at the hearing, the ALJ had a duty to inform him that he had the right to cross-examine the VE.   Doc. No. 14, at 21 (citing *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990)).[7]  Claimant argues that at no point during the hearing did the ALJ explain to him that he had a right to cross-examine the VE, which, according to Claimant, caused (unspecified) prejudice and violated his due process rights.   *Id.* at 22.

As the Commissioner points out, however, the record reflects that Claimant was informed before the hearing that he had a right to question witnesses.   *See* R. 246–47, 253–54 (Notice of Hearing stating that a VE will testify at the hearing before the ALJ and that Claimant "will be able to communicate with the expert" and that Claimant may "present and question witnesses"); R. 278–79 (Amended Notice of Hearing stating that a VE will testify at the hearing before the ALJ and that Claimant "will be able to communicate with the expert").   The Commissioner also informed Claimant that a representative could assist him in questioning witnesses.   *See* R. 231, 280 ("Your Right to Representation" form).   However, Claimant voluntarily waived his right to representation. *See* R. 131, 290.   Accordingly, I find Claimant's argument that the ALJ was required to specifically inform him at the hearing that he had a right to cross-examine the VE unpersuasive.   *See, e.g.*, *Merritt v. Berryhill*, No. 8:17-cv-00712-JDW-JSS, 2018 WL 4357135, at *4 (M.D. Fla. Sept. 13, 2018) (rejecting the claimant's argument that the ALJ failed to explain that the claimant had a right to cross-examine the VE because, among other things, "[t]he materials provided to Plaintiff before the hearing demonstrate that she was apprised of her rights, including the right of her representative

---

[7] In *Coffin*, the court noted that "[i]f a claimant represents himself, the ALJ has a special responsibility to inform the claimant that he has the right of cross-examination."   The claimant in *Coffin*, however, was represented by an attorney.

to question witnesses," citing to the Notice of Hearing and Your Right to Representation documents).

Even assuming that Claimant had a due process right to be informed by the ALJ at the hearing that he had a right to cross-examine the VE, the Commissioner is correct that Claimant has not demonstrated any prejudice by such failure because Claimant has not set forth any additional testimony he would have elicited from the VE.   Doc. No. 14, at 23–24.   Claimant's failure to allege or articulate any prejudice by the ALJ's failure to notify him of his right to cross-examine the VE precludes his argument that remand is required in this case.[8]   *See, e.g.*, *George v. Astrue*, 338 F. App'x 803, 804 (11th Cir. 2009) ("[T]here must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record."); *Turpin*, 2015 WL 12859354, at *5 (finding that the claimant had not "shown that she was prejudiced because the law judge did not specifically ask her whether she wished to cross-examine the vocational expert" because the claimant had not "identified any questions that would have elicited relevant testimony from the expert").

For these reasons, Claimant's second assignment of error is unpersuasive.

## V.    RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner.   It is further **RECOMMENDED** that the Court direct the Clerk of Court to issue a judgment consistent with its Order on the Report and Recommendation and, thereafter, to close the file.

---

[8] In the joint memorandum, Claimant makes a sole conclusory assertion that he "was prejudiced by the ALJ's failure to inform or provide him with an opportunity to cross-examine the [VE]."   Doc. No. 14, at 22.   I find this conclusory assertion insufficient.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 18, 2020.


LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record